**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000787
14-JUN-2021
07:57 AM
Dkt. 65 SO**

NO. CAAP-19-0000787

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JAMES A. CAMPBELL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-18-00807)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant James A. Campbell (**Campbell**)
appeals from the Notice of Entry of Judgment and/or Order and
Plea/Judgment filed on October 7, 2019 (**Judgment**), in the
District Court of the First Circuit, Honolulu Division (**District
Court**).[1]

Campbell was convicted of Operating a Vehicle Under the
Influence of an Intoxicant (**OVUII**), in violation of Hawaii
Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).[2]

---

[1] The Honorable Summer Kupau-Odo presided.

[2] HRS § 291E-61(a)(1) states:

> **§ 291E-61 Operating a vehicle under the influence of
> an intoxicant.** (a) A person commits the offense of

(continued...)

Campbell raises a single point of error on appeal, contending that there was insufficient evidence to convict him of OVUII, specifically, that there was insufficient evidence that he operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Campbell's point of error as follows:

When the evidence adduced at trial is considered in the strongest light for the prosecution, which we must do, we conclude that there was substantial evidence to support Campbell's conviction for OVUII. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999)

---

[2]/(...continued)
operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

2

(internal quotation marks, citations, and brackets omitted; format altered).

Honolulu Police Department (**HPD**) Officer Jared Spiker (**Officer Spiker**) testified that on February 22, 2018, at approximately 3:30 a.m., he stopped Campbell after observing him commit driving violations on Kona Street near Keeaumoku Sreet, which is in the City and County of Honolulu, State of Hawaiʻi, and is a public street, way, or highway. He observed Campbell drive over two lanes at the same time for a few hundred yards while traveling eastbound on Kona Street in a white Honda sedan. Half the vehicle was in one lane and the other half was on the other side of the lane line. When Officer Spiker informed Campbell why he was stopped, Campbell stated he was fighting with his girlfriend earlier, and because it was his birthday, he was drinking and he smoked, and he was a little bit drunk. As he was speaking to Campbell, Officer Spiker detected a strong odor of an alcoholic-type beverage coming from Campbell's breath, a strong odor of marijuana coming from him, he had red, glassy, and bloodshot eyes, he was slurring his speech, his face was flushed and red, and he had a dazed look on his face. When exiting his vehicle, Campbell walked very slowly, was unsteady on his feet, was swaying in all directions, and dropped a cigarette he was about to smoke.

HPD Officer Richard Townsend (**Officer Townsend**) testified that on February 22, 2018, at approximately 3:30 a.m.,

he administered the horizontal gaze nystagmus (**HGN**) test to Campbell.  He observed that Campbell had red, watery eyes, a strong odor of an alcoholic-type beverage, and he swayed in all directions throughout the test.  During the walk-and-turn test, Campbell missed two heel-to-toe steps by two inches or more, did not count out loud, took ten steps instead of nine, used both feet to turn, was off balance and took a few seconds to regain his balance, raised his arms, stepped off the line during the second nine steps, missed several heel-to-toe steps with two-inch gaps on the second nine steps, and took ten steps instead of nine, all contrary to the instructions.  During the one-leg stand test, Campbell swayed front-to-back, raised his arms above his waist, lifted his foot only two to three inches off the ground, and only counted to 21, all contrary to the instructions.

Based on the testimony of HPD Officers Spiker and Townsend, we conclude that there was substantial evidence that Campbell operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Accordingly, the District Court's October 7, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 14, 2021.

On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge